ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| DRA. AMARILYS ABREU SANTANA<br><br>Apelante<br><br>v.<br><br>HON. VIVIAN I. NEPTUNE RIVERA, en su capacidad oficial como Decana, Escuela de Derecho, Universidad de Puerto Rico<br><br>Apelada | TA2026AP00439 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2026CV02312<br><br>Sobre: Mandamus |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

La Dra. Amarilys Abreu Santana (parte demandante o apelante) presentó un recurso de apelación para que revisemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala de San Juan, el 30 de marzo de 2026. En esta, el foro primario declaró *no ha lugar* la demanda de *mandamus* que instó Abreu Santana contra la decana de la Escuela de Derecho de la Universidad de Puerto Rico (UPR, parte demandada o apelada).

Por las razones que exponemos, confirmamos la Sentencia apelada.

## I.

El 27 de marzo de 2026 la Dra. Amarilys Abreu Santana presentó una demanda sobre *mandamus*. En síntesis, alegó que poseía un Bachillerato de la Universidad de Puerto Rico en

Mayagüez, así como un doctorado, una maestría en ciencias y un máster en derecho de instituciones europeas. Informó que tomó el examen de admisión a escuelas de derecho (LSAT, por sus siglas en inglés) y que estaba solicitando admisión al Programa de *Juris Doctor* de la Escuela de Derecho de la Universidad de Puerto Rico para el ciclo de admisiones del año 2026. Adujo que su promedio académico era de 3.91 y que obtuvo una puntuación de 151 en el LSAT, lo cual la ubicaba a una probabilidad estimada de admisión de un noventa y cinco por ciento (95%). Señaló que, para mediados de diciembre de 2025, tres meses antes de la fecha límite del 31 de marzo de 2026, completó la solicitud de admisión a la escuela de derecho de la UPR a través del Law School Admission Council ("LSAC"). Mencionó que sometió todo lo requerido, a saber: expediente académico del bachillerato, puntuación del LSAT, currículum vítae, declaración personal y ensayo académico. Adujo que pagó la suscripción CAS (Credential Assembly Service) de LSAC y el cargo de solicitud a la UPR. Afirmó que el único cargo que **no activó** fue el de la transmisión del informe CAS porque ello requería enviar las entradas de estudios **graduados** procesadas indebidamente por LSAC. Adujo que el 16 de marzo de 2026 sometió la solicitud por correo certificado conforme a los criterios publicados de la UPR a través de la radicación directa. Igualmente, indicó que el 17 de marzo de 2026 transmitió electrónicamente a la recurrida el mismo paquete completo formato PDF. Aseveró que ese día, la Lcda. Mildred M. Meléndez Otero, le respondió por correo electrónico que debía someter su informe CAS, y que una vez sometido, la oficina de admisiones puede "solicitar que LSAC lo libere sin incluir ninguna

información relacionada con sus estudios graduados."[1]  Indicó que el 23 de marzo de 2026 dirigió una comunicación directamente a la licenciada Meléndez Otero para que esta confirmara si la radicación directa de la solicitud sometida el 17 de marzo de 2026, sería aceptada como completa y evaluada en el ciclo 2026. Admitió que la licenciada Meléndez Otero le respondió ese mismo día reiterando que el proceso debía realizarse a través CAS.[2]

Expuso que la parte demandada tenía un deber ministerial de recibir la solicitud de la apelante, por radicación directa, e incluirla en el proceso de admisiones del ciclo 2026.  Agregó que esta es una vía expresamente reconocida como válida por la American Bar Association (ABA) Standard 502, utilizada como ruta ordinaria por otras escuelas de derecho acreditadas por la ABA. Reiteró que la LSAC procesó documentos graduados de la peticionaria sin su autorización.  Indicó que esos estudios graduados no son requisitos para la admisión a la facultad de derecho de la UPR, lo cual contaminó el expediente CAS con entradas que la propia institución receptora declaró que eran irrelevantes.

El 30 de marzo de 2026 la entonces Decana de la Escuela de Derecho de la Universidad de Puerto Rico y la Universidad de Puerto Rico (UPR), presentaron una *Moción De Desestimación y Oposición a Petición de Mandamus.*  En resumen, adujo que la demandante persigue un remedio que no puede ser concedido mediante *mandamus* cuando la propia parte apelante reconoce que no completó el proceso de admisión que activa la recepción y tramitación institucional de su solicitud.

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, *In re*:  Reglamento del Tribunal de Apelaciones, 2025 TSPR 42, 215 DPR ____, SUMAC TPI, demanda, entrada 1, pág. 11, anejo E-6.
[2] SUMAC TPI, demanda, entrada 1, anejo E-7.

Sobre el proceso de admisión al programa de derecho, la UPR explicó lo siguiente:

La Escuela de Derecho de la Universidad de Puerto Rico tiene un proceso de admisión publicado oficialmente para el programa de Juris Doctor. Ese proceso dispone, entre otras cosas, que la solicitud se completa a través del CAS del Law School Admission Council ("LSAC"); que suscribirse al CAS es un requisito indispensable del proceso de admisión; que, si el solicitante no se suscribe al CAS, la Escuela de Derecho no recibirá su solicitud; que ningún documento de la solicitud se procesa a través de la Escuela de Derecho; y que el reporte del CAS es una parte indispensable de la solicitud de admisión. El portal también aclara que, por exigencia de la American Bar Association, el promedio académico obtenido en estudios graduados no se toma en consideración y que el envío de los expedientes de estudios graduados es preferible, pero opcional. Asimismo, el portal dispone que el ranking de admisión se establece mediante la suma de la percentila del GPA de bachillerato computado por CAS y la percentila de la puntuación del LSAT, con igual peso para ambos criterios.

En consonancia a lo anterior la UPR agregó que:

Dentro del proceso de admisión aprobado por la Facultad, que NO se trabaja por la Decana Vivian Neptune sino por la Oficina de la Asesora de Apoyo al Estudiante y Reclutamiento (Admisiones) el solicitante debe utilizar la plataforma CAS del LSAC para someter su solicitud. El portal institucional establece que suscribirse al CAS es un requisito indispensable; que la solicitud de la Escuela de Derecho UPR se completa a través del CAS durante el período correspondiente; que ningún documento de la solicitud se procesa a través de la Escuela; y que el reporte del CAS constituye una parte indispensable de la solicitud. También explica que el LSAC enviará el reporte a la Escuela de Derecho una vez la persona complete todos y cada uno de sus componentes. A tenor con esos hechos, mientras el reporte no se activa y transmite, la Escuela no recibe la solicitud por el medio reglamentario.

Agregó que orientaron a la apelante para que pagara el reporte y que, una vez la escuela lo reciba, internamente podía gestionarse con LSAC que no se incluyera información relacionada con estudios graduados. Explicaron que, no obstante, ello, al miércoles 25 de marzo de 2026, no habían recibido la solicitud de la aspirante por el medio reglamentario. Adujeron que la apelante no logró identificar un deber ministerial claro impuesto por ley a

la Decana de la Escuela de Derecho de aceptar, recibir, tramitar y evaluar una solicitud no transmitida por el canal reglamentario que la propia institución ha hecho indispensable para todo solicitante. A tenor con lo anterior, manifestaron que la petición no describe el incumplimiento de un deber ministerial existente, sino el reclamo de una excepción individual a un requisito uniforme. Arguyeron que eso no es una causa de acción viable en *mandamus*. Además, que "[l]a política publicada por la institución no deja espacio a dudas en cuanto a que la Escuela recibe la solicitud a través del CAS, no por gestión paralela del aspirante."[3] Indicaron que el envío alterno de documentos no activó el deber de evaluación que surge solo cuando el proceso de admisión ha sido completado de conformidad con las reglas aplicables a todo solicitante. Aseveraron que, "la pretensión de que el tribunal trate esos actos informales como equivalentes jurídicos del trámite oficial requeriría una reescritura judicial de la política de admisión, no la ejecución de un deber ministerial." Culminaron con la solicitud de desestimación porque la Petición no activaba la jurisdicción extraordinaria del *mandamus* en su modalidad propia: no presenta un deber ministerial claro, no demuestra un derecho evidente a la ejecución inmediata del acto y pretende obligar a una funcionaria a hacer algo que la norma institucional no le ordena hacer. Resaltaron también que,

> La Escuela de Derecho opera un proceso uniforme de admisión para todas las personas aspirantes. Ese proceso exige registro en LSAC, suscripción al CAS y pago del reporte para que la solicitud sea recibida. La política institucional incluso advierte que, si una persona no completa el proceso dentro de la plataforma del CAS, el pago a la UPR sigue siendo no reembolsable. Esa advertencia confirma que el proceso de admisión no se perfecciona por el mero envío aislado de documentos o por gestiones paralelas del aspirante, sino por el cumplimiento íntegro del trámite dentro del canal reglamentario. Por ello, la peticionaria no puede ser

---

[3] SUMAC TPI entrada 11, página 7.

colocada en mejor posición que todas las demás personas solicitantes que sí tienen que completar el CAS y pagar el reporte correspondiente para activar la recepción de su solicitud.

Evaluados los escritos de las partes y las argumentaciones recibidas en la vista, ese 30 de marzo, notificada el próximo día 31 de marzo de 2026, el foro primario dictó una sentencia en la cual declaró no ha lugar el recurso de *mandamus.* Ello, por no existir un deber ministerial de la Decana de la Escuela de Derecho de la Universidad de Puerto Rico de recibir una solicitud incompleta para ingreso a dicha Escuela. El foro primario particularizó que, "la peticionaria no identificó una norma legal o reglamentaria o alguna orden institucional que imponga a la Decana un deber claro, esto es, ministerial de aceptar documentos remitidos por la peticionaria por correo electrónico o correo certificado como sustituto del proceso oficial de admisión por CAS y LSAC".[4]

Entretanto, ese 31 de marzo de 2026, Abreu Santana presentó una Solicitud de Certiorari, para revisar la denegatoria constructiva de la Moción en Solicitud de Medida Provisional. Esa acción fue asignada a este foro intermedio a la causa TA2026CE00392[5]. En esa fecha, el panel designado denegó el petitorio.[6]

Así las cosas, el 13 de abril de 2026 Abreu Santana presentó una *Moción de Reconsideración*[7] a la sentencia dictada el 30 de marzo de 2026. Ese mismo día, el TPI emitió una Orden[8] en la cual manifestó: "Nada que disponer; la peticionaria acudió al Tribunal de Apelaciones en revisión de la sentencia y dicho tribunal

---

[4] SUMAC TPI entrada 14.
[5] SUMAC TPI entrada 15.
[6] SUMAC TA causa TA2026CE00392, entrada 4.
[7] SUMAC TPI entrada 20.
[8] SUMAC TPI entrada 21.

emitió determinación, por lo que nos vemos impedidas de actuar sobre la sentencia."

Aun insatisfecha, el 29 de abril de 2026, Abreu Santana invocó nuestra jurisdicción mediante un recurso de apelación. En este planteó los siguientes señalamientos de error:

A. La sentencia adjudicó una controversia distinta a la planteada.
B. La sentencia cometió error de derecho al definir el deber ministerial.
C. La sentencia adoptó la amalgama de tres figuras jurídicamente distintas como si fueran un concepto unitario.
D. Ignoró jurisprudencia vinculante, no aplicó la que citó y no construyó remedio alternativo ni evaluó los ejecutados y propuestos por la apelante de buena fe.
E. La sentencia declaró obligaciones que no cumplió.
F. Violación del debido proceso: Notificación defectuosa y negativa a producir información material.
G. El mecanismo procesal fue híbrido e inválido.
H. Patrón de adjudicación no neutral-los propios escritos de la sentencia lo documentan.
I. Conducta procesal de la representación legal de la apelada-material difamatorio bajo privilegio cualificado y notificaciones constructivamente tardías.
J. Asimetría estructural acumulada: Estrategia de desgaste procesal y acceso a la justicia condicionado a posición institucional.

En documento aparte, la apelante incluyó un escrito intitulado, Moción de *Mandamus* Perentorio. En esencia, ambos petitorios procuran que se le ordene a la decana de la Escuela de Derecho de la UPR a incluir el expediente de solicitud de admisión de la apelante, con todos los elementos sustantivos que obran en su poder desde el 17 de marzo de 2026, en la evaluación del ciclo 2026 y procesarlo en los mismos términos que el resto de los solicitantes.

En oposición a la solicitud de apelación y al *mandamus*, compareció Erika Fontánez Berrios, en su capacidad oficial como Decana Interina de la Escuela de Derecho de la Universidad de Puerto Rico, quien sustituyó a la Decana Vivian Neptune y la Universidad de Puerto Rico.

**II.**

**A.**

El *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Kilómetro 0 v. Pesquera López et al., 207 DPR 200, 214 (2021); Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. Por ello, "[s]u expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial". Carrasquillo Román v. Inst. Correccional, 204 DPR 699, 713 (2020).

Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento. Kilómetro 0 v. Pesquera López et al., *supra*; AMPR v. Srio. Educación, E.L.A., 178 DPR 253, 264 (2010). Así pues, el requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida". AMPR v. Srio. Educación, ELA, *supra*, pág. 263. De esta forma, si la ley prescribe y define el deber a ser cumplido con tal **precisión y certeza** que nada deja al ejercicio de la discreción o juicio, el acto es uno ministerial. Íd., pág. 264.

Debido a su naturaleza extraordinaria, el *mandamus* está disponible únicamente cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423. Kilómetro 0 v. Pesquera López et al., *supra,* págs. 214-215*;* Aponte Rosario et al. v. Pres. CEE II, 205 DPR 407, 428 (2020). Así, el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos. AMPR v. Srio. Educación, E.L.A., 178 DPR 253, 266-267

(2010). Cónsono con lo anterior, el deber ministerial que se invoca por vía del *mandamus* no se trata de "una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer". Íd.

Al momento de considerar si procede o no conceder el *mandamus*, los tribunales tienen la obligación de analizar el impacto del recurso en los intereses públicos involucrados, la posible intromisión indebida en las gestiones de la Rama Ejecutiva y el efecto sobre los derechos de terceros. Kilómetro 0 v. Pesquera López et al., *supra*, pág. 215; Romero, Valentín v. Cruz, CEE et al., 205 DPR 972, 985 (2020); Noriega v. Hernández Colón, 135 DPR 406, 448 (1994).

**B.**

Las decisiones discrecionales del Tribunal de Primera Instancia merecen gran deferencia. Citibank et al. v. ACBI et al., 200 DPR 724, 735 (2018); Mejías et al. v. Carrasquillo et al., 185 DPR 288, 306-307 (2012); García v. Asociación, 165 DPR 311, 320 (2005). Al hablar de "la discreción que tiene un tribunal de justicia" se refiere a la facultad que tiene dicho foro para resolver de una forma u otra, o de escoger entre varios cursos de acción. Citibank et al. v. ACBI et al., *supra*, pág. 735; García López y otros v. E.L.A., 185 DPR 371, 394 (2012). Es norma reiterada que, "el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." BPPR v. SLG Gómez-López, 213 DPR 314, 335 (2023). Siendo ello así, el Tribunal Supremo ha reiterado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error

manifiesto. <u>Citibank et al. v. ACBI et al.</u>, *supra*, pág. 736; <u>Ramos Milano v. Wal-Mart</u>, 168 DPR 112, 121 (2006)(Sentencia); <u>Rivera y otros v. Banco Popular</u>, 152 DPR 140, 155 (2000).

## III.

La apelante Abreu Santana solicitó al foro primario, vía recurso de *mandamus*, que se le ordenara a la decana de la Escuela de Derecho de la Universidad de Puerto Rico a recibir la solicitud de la apelante para ser incluida en el proceso de admisiones del ciclo 2026, sin que se le requiera activar la transmisión del informe de CAS, como condición para su consideración. Solicitó ser evaluada bajo las mismas condiciones que cualquier otro postulante que haya satisfecho los requisitos básicos de: expediente académico subgraduado, el informe oficial de puntuación del LSAT de LSAC, *currículum vitae*, declaración personal y ensayo académico.

Revisada la petición, junto al escrito en oposición de la demandada y las argumentaciones recibidas en una vista, el 30 de marzo de 2026, el foro primario declinó emitir el recurso de *mandamus*. En su sentencia el foro primario razonó lo siguiente:

> La peticionaria no identificó una norma legal o reglamentaria o alguna orden institucional que imponga a la Decana un deber claro, esto es, ministerial de aceptar documentos remitidos por la peticionaria por correo electrónico o correo certificado como sustituto del proceso oficial de admisión por CAS y LSAC. El recurso de autos es más bien un reclamo de la peticionaria para que se le ofrezca una excepción individual a los requisitos uniformes de ingreso a la Escuela de Derecho. Dicho de otro modo, de conceder el remedio que solicita la peticionaria, se le estaría considerando de manera diferente a los demás estudiantes que solicitan ingresar a la Escuela. Claramente, ello no es una causa de acción viable mediante mandamus. La política publicada por la Escuela es precisa y no deja espacio a dudas en cuanto a que la Escuela recibe la solicitud a través del CAS únicamente. No podemos, por fiat judicial, subvertir un proceso y ordenarle a la Decana a obviar la política de admisión debidamente publicada para obligarle a hacer una excepción con la peticionaria. Ello constituiría proceso arbitrario que nuestro ordenamiento rechaza. De mayor peso jurídico, las actuaciones de la Decana no han

obviado seguir deber ministerial alguno, al contrario, son cónsonas con el proceso uniforme establecido para toda persona que interese estudiar en la Escuela de Derecho.

A nuestro juicio, no vemos impedimento para que la peticionaria culmine el proceso de solicitud a la Escuela de Derecho.

Luego de evaluar el expediente ante nuestra consideración, la determinación del foro de instancia es la vía más razonable y adecuada para disponer de la controversia.

En el recurso discrecional de *mandamus*, la apelante Abreu Santana tenía el deber de demostrar que, por disposición de ley, la decana tenía un deber específico con el cual debía cumplir. La obligación tenía que estar claramente definida, sin que existiera cabida para la discreción. Al igual que el foro primario, no vemos cumplido este requisito en el recurso.

La facultad de Derecho de la UPR cuenta con un proceso de admisión publicado oficialmente para el programa de Juris Doctor. La solicitud de admisión se encuentra dentro de la plataforma del Law School Admission Council (LSAC). Ese proceso requiere, entre otros, poseer un grado de bachillerato, tomar el Law School Admission Test (LSAT), realizar un escrito argumentativo, así como, solicitar admisión a través del Credential Assembly Service (CAS) del Law School Admission Council (LSAC)[9]. De manera que, ese proceso exige un registro en LSAC, completar el proceso de suscripción al CAS y pagar el reporte correspondiente para activar la recepción de su solicitud en la universidad[10]. Esta es la política oficial que todo solicitante debía cumplir para que sus documentos fuesen recibidos y evaluados.

La apelante aceptó que no culminó el proceso formal relacionado a la transmisión del informe del Credential Assembly

---

[9] https://derecho.uprrp.edu/futurosestudiantes/admision/juris-doctor/.
[10] Ver recurso de Oposición Solicitud de Apelación y Mandamus Perentorio.

Service (CAS) debido a una queja que ella tenía con la LSAC. Esto, porque presuntamente la LSAC procesó, sin su autorización, determinada información sobre sus estudios graduados. Sobre este asunto, la apelante admitió que la licenciada Meléndez Otero, de la UPR, le respondió que el proceso debía realizarse a través del CAS.[11] La UPR confirmó esta directriz en la oposición a la demanda de *mandamus* y en su oposición al presente recurso.

La UPR reiteró que orientó a la apelante que ésta debía pagar el reporte y que, una vez la escuela lo recibiera, internamente podía gestionarse con LSAC que no se incluyera información relacionada con estudios graduados. Agregó que la posición institucional comunicada a la apelante fue consistente con el proceso publicado: sin el reporte del CAS, la solicitud no estaba completa para fines del trámite de admisiones.[12]

De manera que, existía un proceso ordinario y eficaz para la tramitación de una solicitud de admisión al programa de derecho de la UPR, lo cual no permite acudir al recurso de *mandamus*.

Aun así, la apelante, en lugar de culminar la referida gestión según la política que regía para todos los solicitantes, decidió voluntariamente **no activar** la transmisión del informe CAS. En su lugar, sometió los documentos por correo certificado o por correo electrónico como canal alterno al proceso oficial de admisión por CAS y LSAC. Entonces, la apelante pretendió que la universidad aceptara su solicitud de admisión para el ciclo del 2026, de forma distinta al resto de los solicitantes y contrario a las directrices aplicables para todos los aspirantes.

Notamos que este reclamo de la apelante se basó, más bien, en una excepción individual que en un requisito uniforme

---

[11] SUMAC TPI, demanda, entrada 1, págs. 11 y 12.
[12] SUMAC TPI, demanda, entrada 1, anejos E-6 y E-7.

previamente fijado.   Todo lo anterior, sin sustentar su petitorio con alguna disposición de ley o reglamento que obligara a la UPR a desviarse del procedimiento oficial de la institución educativa.

Por tanto, la apelante Abreu Santana no demostró que la decana tuviese algún deber ministerial para recibir solicitudes enviadas fuera del proceso o para sustituir unilateralmente el mecanismo aprobado por la Facultad para recibir expedientes de admisión.   En fin, la petición de *mandamus* no describió el incumplimiento de un deber ministerial existente que amerite su expedición.

Como la apelante no cumplió con el proceso requerido de someter la documentación para su ulterior evaluación, no cabe hablar ni especular en cuanto a si sería aceptada en la facultad de derecho de la UPR.

## IV.

Por los fundamentos antes expresados, confirmamos la Sentencia que emitió el Tribunal de Primera Instancia mediante la cual desestimó el recurso de *Mandamus* de Abreu Santana.  Con lo aquí resuelto disponemos también, en la negativa, de la petición de auxilio de jurisdicción que la apelante incluyó dentro del texto del escrito de apelación.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones